IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GEORGE ALANIZ, Individually and on behalf of Others Similarly Situated**   **PLAINTIFF**

vs.   No. 5:20-cv-403

**RUBICON TECHNICAL SERVICES, LLC**   **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff George Alaniz ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Rubicon Technical Services, LLC ("Defendant"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of other salaried Engineers employed at any time after April 1, 2017.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff and other salaried Engineers an overtime premium for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of Texas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

## III. THE PARTIES

7. Plaintiff is a citizen and resident of Bexar County.

8. Defendant is a foreign limited liability company.

9. Defendant's registered agent for service of process is Cary Lusk, at 3370 Chastain Gardens Drive, Suite 210, Kennesaw, Georgia 30144.

10. Defendant maintains a website at http://rubicontechservices.com/.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

13. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

14. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

15. Plaintiff works for Defendant as a salaried "Engineer" and has been so employed since April of 2019.

16. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

17. During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a salaried Engineer.

18. Defendant's primary business is providing services such as ensuring the integrity of critical infrastructure installation, including commissioning, electrical testing services, controls system optimization, root cause analysis and risk analysis.

19. Defendant directly hired Plaintiff and other salaried Engineers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. Plaintiff and other salaried Engineers were primarily responsible for testing facilities after construction to make sure they are up to standard.

21. Plaintiff and other salaried Engineers did not have the authority to hire or fire other employees.

22. Plaintiff and other salaried Engineers did not make recommendations that were afforded particular weight in hiring and firing decisions.

23. Plaintiff and other salaried Engineers were not required by Defendant to have advanced knowledge customarily acquired by a prolonged course of specialized intellectual instruction.

24. Plaintiff and other salaried Engineers did not exercise independent judgment or discretion as to matters of significance in carrying out their duties.

25. Plaintiff and other salaried Engineers were classified as exempt employees and were paid a salary.

26. Upon information and belief, Plaintiff and other salaried Engineers were guaranteed a salary of at least $684.00 per week.

27. Plaintiff and other salaried Engineers regularly worked in excess of forty (40) hours per week.

28. It was Defendant's commonly applied policy to not pay Plaintiff and other salaried engineers an overtime premium for the hours worked over 40 in a given week.

29. Defendant failed to pay Plaintiff an overtime rate, despite the fact that he regularly worked more than 40 hours in a week as a salaried supervisor for Defendant.

30. Plaintiff and other salaried Engineers were and are entitled to overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

31. Plaintiff and other salaried Engineers received a bonus if they referred someone who was then hired by Defendant.

32. Plaintiff and other salaried Engineers also received a yearly bonus based on performance.

33. These nondiscretionary bonuses were forms of compensation to Plaintiff and other salaried Engineers.

34. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35. Defendants violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in Plaintiff's and other salaried Engineers' regular rate when calculating their overtime pay.

36. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other salaried Engineers violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

38. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff brings his FLSA claims on behalf of all salaried Engineers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Proper payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.  Liquidated damages; and

C.  Attorneys' fees and costs.

40. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.  They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B.  They were paid a salary;

C.  They performed substantially similar job duties; and

D.  They were subject to Defendant's common policy of denying lawful pay for all hours worked, including overtime pay for hours worked over forty (40) per work week.

44. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All salaried Engineers within the past three years.**

45. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds one hundred (100) persons.

46. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the

FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

47. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

48. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

49. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

50. Defendant failed to pay Plaintiff one and one-half times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

51. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest and costs, including reasonable attorney's fees as provided by the FLSA.

53. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim on behalf of all salaried Engineers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

56. Plaintiff brings this action on behalf of himself and all other salaried employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

57. 29 U.S.C. § 207 requires employers to pay employees one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

58. Defendant misclassified Plaintiff and other salaried Engineers as exempt from the overtime requirements of the FLSA.

59. Defendant failed to pay Plaintiff and other salaried Engineers one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff George Alaniz, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for the following relief:

A. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act and attendant regulations;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. Judgment for damages for all unpaid regular and overtime compensation under the Fair Labor Standards Act and attendant regulations;

E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act and attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F. An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**GEORGE ALANIZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com